79,299-02

In The Supreme Court
for The State of Texas

Re:
Court of Criminal Appeals Number: WR 79-299-02
Trial Court Number: 19197B, In The 411th District
Court, in and for the Polk County, Livingston, Texas

Ex Parte David Earl Stanley, Applicant/Movant

Motion To Proceed In Forma Pauperis

Comes now David Earl Stanley with his Motion For
Leave to proceed in forma pauperis with his attached Petition For
Writ of Mandamus, That this Court recognize him as an
indigent Litigant and waive any costs, filing fees, etc that
may be required in this Matter.

In Support of this Motion, Movant has attached his Sworn
affidavit of indigency.

Respectfully Submitted on this 16th day of November, 2015.

David Earl Stanley

David Earl Stanley, Pro Se
1805803, Powledge Unit
1400 F.M. Road 3452
Palestine, Tx, 75803

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 19 2015

Abel Acosta, Clerk

## Affidavit in Support of Motion to Proceed in Forma Pauperis

I David Earl Stanley, declare, depose and state; I am the Movant in the attached Motion to Proceed In Forma Pauperus, and in support there of make the following declarations:

1. I am an incarcerated inmate within the T.D.C.J. Powledge Unit, at Palestine, Texas;

2. That I have no funds with which to pay this Court any costs associated with the filing, hearing of the attached Motion.

3. My Inmate Trust fund account has a balance of .02 and has not received any deposits for the past Six(6) months;

4. I receive no funds from any business, profession or employment, rent, interests, dividends, annuities or life insurance.

5. I receive no gifts, inheritances or money from family or friends in over 6 months.

6. I have no other source of income, checking or savings accounts, and own no real estate, stock, bonds, notes, automobiles or other valuable property.

7. Pursuant to Texas Law (VTCA) Civil Practice and Remedies Code, Section 132.001-132.003, I David Earl Stanley, T.D.C.J. #1805803, being presently incarcerated do hereby declare under penalty of perjury that the foregoing statements are true and correct.

Respectfully Submitted on this 16th day of November, by:

David Earl Stanley

In The
Supreme Court
In And for
The State of Texas

Re:
Court of Criminal Appeals Number: WR-79-299-02
Trial Court Number: 19197B, in The 411th District
Court, in and for Polk County, Livingston, Texas

Ex Parte David Earl Stanley, Petitioner

Petition For Writ of Mandamus

Petitioner
David Earl Stanley, Pro Se
1805803, Powledge Unit
1400 F.M. Road 3452
Palestine, Texas 75803

Respondant
Court of Criminal Appeals
for The State of Texas
P.O. Box 12308, Capitol Station
Austin, Tx. 78711

Oral Argument Requested

(1)

# Petition for Writ of Mandamus

Comes the Petitioner, David Earl Stanley, Pro se, with this Petition for this Honorable Court to issue a writ of Mandamus to the Court of Criminal Appeals.

In support of this petition, Petitioner would show this Court the following:

## Statement of Case
## and Grounds for Writ of Mandamus

1. Petitioner Submitted an Application for writ of Habeas Corpus, pursuant to Tx. Code of Criminal Procedure to the Court of Criminal Appeals Via the Trial Courts Clerk on October 6, 2014. The Polk County District Attorney Nor the Trial court made any Comment to the Grounds raised for Habeas Corpus Relief.

2. On Nov. 26, 2014, The Court of Criminal Appeals (hereafter the C.C.A.) per Curiam, entered an Order to the Trial Court to perform Certain acts, including Findings of fact and Conclusions of Law. The C.C.A. held that petitioners Application for Habeas Corpus would be held in abeyance until the Trial Court resolved the fact issues, but Stipulated that the Trial Court "Shall resolve the issues within 90 days" of its Order. The C.C.A. further Ordered that a Supplemental transcript Containing affidavits and interrogatories, or the transcription of the Court Reporters notes from any hearing or deposition, along with the Trial Courts Supplemental Findings of fact and Conclusions of Law, Shall be forwarded to the C.C.A. within 120 days of the date of its Order.

(2)

3. The 120 days expired on March 26, 2015, with the trial Court failing to request any extension of time or making any responce to the Courts Orders or Complying with the C.C.A.'s Order.

4. On Feb. 27, 2015, this Petitioner Submitted a motion to the C.C.A. Seeking the Court to Grant the relief requested in his Habeas Corpus Petition. This Motion was Summarily denied by the CCA.'s on March 6, 2015, without Stating any reason.

5. On July 30, 2015, the C.C.A. via its clerk, Sent a letter to the Trial Court "Reminding" them that Petitioners Cause had been Remanded to them on Nov. 26, 2014,... The Clerk requested that the trial Court "immediately" Forward to the Court the Supplemental Records it was Ordered to Create. Why the Clerk thought that a Supplemental Record had been made is unknown as Petitioner Pointed out in his Motion of Feb. 27, 2015, that the Trial Court had not obeyed the C.C.A.'s Order. Petitioner would point out too that a Copy of his Motion was Sent to the Polk County District Attorney, and neither he or the Trial Court responded to the Motion to deny or dispute the facts in the Motion. However,

6. On June 26, 2015, Petitioner Submitted a Second Motion to the CCA. Seeking a Contempt of Court order against the Trial Court for its wanton refusal to Comply with the CCA's Order This Motion too was Served on the Polk County District Attorney, neither he or the Trial Court responded to deny or dispute the grounds raised warranting a Contempt Order. This Motion too was denied by the CCA. on July

(3)

7, 2015, without written reason.

7. On Sept, 18, 2015, the C.C.A's Clerk again sent the trial Court and the District Attorney a "2nd Reminder Notice" which like the first "reminded" them that this Cause had been remanded, again requesting that the trial Court have its clerk "immediately" forward the Supplemental record that was Ordered. This letter too has gone deliberately ignored in every way.

8. On Oct. 12, 2015, Petitioner again Submitted a Motion Seeking the C.C.A's to Grant Petitioner the relief requested in his Habeas Application or in the Alternative Order the Trial Court in Contempt and render Sanctions against the Contemptable parties. This Motion was also sent to the Trial Court and the District Attorney's Office, neither chose to object or respond in any manner and the C.C.A. again denied the Motion on Nov. 6, 2015, without reasons.

9. This Petitioner now seeks This Honorable Supreme Court to intervene and issue a writ of Mandamus directing the C.C.A's to Grant Petitioners Habeas Corpus Relief as requested.

10. the Trial Court has had more than ample time and Reminders Notices to Comply with the C.C.A's Orders and apparently has no intention of Complying, and the C.C.A's failure to accept this fact and Grant Petitioners Habeas Prayer for relief Compounds the miscarriage of Justice already perpetrated in this Matter.

11, This Petitioner believes that unless this Supreme Court intervenes, the CCA will Continue to deny this

(4)

Petitioner his Right to Due Course of Law as guaranteed by the Constitution of Texas, Art 1, Section 13, See also, Tx. Code of Criminal Procedure, Art 1.04. In Baluch V. Miller, 774 SW 2d 299, 301-302, the Court of Criminal Appeals recognises that "a refusal to rule within a reasonable time frustrates that process and, moreover Constitutes denial of due Course of law".

12. Petitioner asserts that the CCA's must accept the facts stated within the Habeas petition as true as they are stated. The Trial Court and the District Attorney has had more than ample opportunity to deny or dispute these facts and hasn't. Further delays will on compound the gross miscarriage of Justice that has already been perpetrated on this Petitioner, who is actually innocent and, wrongly Convicted of the Crime charged against him, and by the deficient actions of Trial Counsel.

## Conclusion and Prayer

Wherefore, Petitioner Prays for this Supreme Courts intervention and issuance of a Writ of Mandamus to the Court of Criminal Appeals to Grant Petitioner Prayer for Relief as requested in his Habeas Petition without further unecess ary delay, and such other and further relief as this Court deems just and equitable.

## Verification
Pursuant to Texas Law (V.T.C.A.) civil Practice and Remedies Code, Section 132.001-132.003), I David Earl

(5)

Stanley, TDCJ #1805803, being presently incarcerated do hereby declare under penalty of perjury that the foregoing statements are true and correct except as to those statements based on belief and as to those I believe them to be true.

Respectfully Submitted on this 16th day of November, 2015, by:

David Earl Stanley

David Earl Stanley, Pro se
1805803, Powledge Unit
1400 F.M. Road 3452
Palestine, Tx. 75803

## Certificate of Service

I, David Earl Stanley have placed a true carbon copy of the foregoing Petition for writ of Mandamus addressed to Abel Acosta, Clerk, Court of Criminal Appeals, P.O. Box 12308, Capitol Station, Austin, Tx, 78711, by placing same in a postage prepaid envelope and placed into the outgoing U.S. Mailbox located within the Powledge Unit on this 16th day of November, 2015.

David Earl Stanley

(6)